**GUAN WEN ZHUANG, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General & Immigration and Naturalization Service, Respondents.**

No. 07–4267–ag.

United States Court of Appeals, Second Circuit.

March 18, 2008.

Guan Wen Zhuang, pro se, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Linda S. Wendtland, Assistant Director, Justin Constantine, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

■ Guan Wen Zhuang, a native and citizen of China, seeks review of a September 11, 2007 order of the BIA denying his motion to reopen his asylum-only proceedings.[1] *In re Guan Wen Zhuang*, No. A77 281 331 (B.I.A. Sept. 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ As a preliminary matter, to the extent that Zhuang seeks to challenge the BIA's December 2002 decision affirming the Immigration Judge's denial of his first motion to reopen, we must limit our review to the BIA's September 2007 order denying Zhuang's second motion to reopen, as that is the only decision from which a petition for review was timely filed. *See* 8 U.S.C. § 1252(b)(1).

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v.*

---

1. Although Zhuang seeks to reopen "asylum-only" proceedings in which he was denied relief *in absentia,* as opposed to removal proceedings resulting in an order of removal, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134–35 (2d Cir.2006).

*U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The agency did not abuse its discretion in denying Zhuang's motion to reopen as untimely where it was filed almost six years after the IJ's decision.[2] *See* 8 C.F.R. § 1003.2(c)(2) (an alien may file only one motion to reopen and must do so within 90 days of the final administrative decision). The BIA properly found that Zhuang failed to present material evidence of "changed country conditions arising in the country of nationality" sufficient to excuse the untimely filing of his motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). As the BIA observed, Zhuang failed to present any evidence indicating that conditions in China have changed since the time of his hearing. The BIA also did not abuse its discretion in finding that the birth of Zhuang's children did not excuse the untimely filing of his motion to reopen. This Court has explicitly rejected the argument that the birth of children in the United States constitutes changed country conditions as required by 8 C.F.R. § 1003.2(c)(3)(ii). *See Wei Guang Wang v. BIA,* 437 F.3d 270, 273–74 (2d Cir.2006); *Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003).

Additionally, the BIA did not abuse its discretion in finding that Zhuang failed to establish *prima facie* eligibility for the relief he sought. *See Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005). The BIA properly found that the letter from Zhuang's parents and the notice from the family planning authorities establish at most only a speculative fear of future persecution. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (per curiam).

Finally, this Court lacks jurisdiction to review the BIA's decision not to reopen Zhuang's proceedings *sua sponte,* because such a decision is "entirely discretionary." *See Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) (per curiam).

For the foregoing reasons, the petition for review is DENIED. Zhuang's pending motion for a stay of removal in this petition is DISMISSED as moot.

2. In its September 2007 order, the BIA properly declined to reconsider its December 2002 order affirming the denial of Zhuang's first motion to reopen because he did not file a timely motion to reconsider that decision. *See* 8 C.F.R. § 1003.2(b)(2) (a motion to reconsider must be filed within 30 days after the mailing of the BIA's decision).